## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

ALEXIS COLON

Debtor./

CASE NO.: 13-24166-RAM

Chapter 7

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion.  Any scheduled hearing may then be canceled.

Ross R. Hartog, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of **ALEXIS COLON**  (the "Debtor"), by and through undersigned counsel, moves (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement (the "Stipulation") entered into by and between the Trustee and the Debtor.  In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1.      On June 15, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  Ross R. Hartog was appointed as Chapter 7 Trustee.

2.      The Trustee has evaluated the Debtor's schedules and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation, attached hereto as **Exhibit "A"**.

3.      The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets,

specifically the Wells Fargo Checking Account #4756, Wells Fargo Checking Account #4769, Wells Fargo Savings Account #7301, household goods and furnishings, jewelry, 1993 Ford Econoline 350 Van, 1994 Toyota Corolla, and 2012 Ocean Kayak Malibu 2xl (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## Legal Standard for Settlement

6.      Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.,* 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia,* relief without a hearing for motions to approve settlement.

9.      According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)    the probability of success in litigation;
(b)    the difficulties, if any, to be encountered in the matter of collection;
(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)    the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

10.     The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B"**.

**WHEREFORE,** Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via BNC

on February 13, 2014 to all interested parties on the attached service list.

DATED: February 13, 2014   MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
*Counsel to the Chapter 7 Trustee*
101 NE Third Avenue, Suit 1210
Fort Lauderdale, Florida 33301
Tel:  954.767.0030
Fax:  954.767.0035

By: /s/ *Amanda L. Barton*
  Amanda L. Barton, Esq.
  Fla. Bar No. 83792
  abarton@mrthlaw.com

456797

## <u>Service List</u>

**13-24166-RAM Notice will be electronically mailed to:**

Amanda L Barton on behalf of Trustee Ross R Hartog
abarton@mrthlaw.com, jgarey@mrthlaw.com;mrthbkc@gmail.com

Stephen P. Drobny, Esq. on behalf of Creditor Multibank 2009-1 RES-ADC Venture, LLC
sdrobny@joneswalker.com, rbruckmann@joneswalker.com;tsnow@joneswalker.com

Erik B Espinosa, Esq. on behalf of Debtor Alexis Colon
espilaw@gmail.com, outsourcedparalegal@gmail.com

Eitan G Gontovnik on behalf of Creditor Bank of America, N.A.
egg@mccallaraymer.com, flbkecf@mccallaraymer.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Melissa Youngman, Esq. on behalf of Creditor Bank of America, N.A.
may@mccallaraymer.com, flbkecf@mccallaraymer.com

# Exhibit "A"

## <u>STIPULATION FOR COMPROMISE AND SETTLEMENT</u>

**ROSS R. HARTOG, as Chapter 7 Trustee** and Debtor, **ALEXIS COLON,** enter into this Stipulation for Compromise and Settlement (the "Stipulation").  The Trustee and the Debtor agree upon the following terms and conditions:

A.     On or about June 14, 2013, the Debtor filed for protection under chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") , which case is captioned as *In re*: *ALEXIS COLON* (USBC Case No.:**13-24166-RAM**) (the "Bankruptcy").

B.     Ross R. Hartog was appointed as Chapter 7 Trustee.

C.     The Schedules list certain personal property, specifically the Wells Fargo Checking Account #4756, Wells Fargo Checking Account #4769, Wells Fargo Saving Account #7301, household goods and furnishings, jewelry, 1993 Ford Econoline 350 Van, 1994 Toyota Corolla, and 2012 Ocean Kayak Malibu 2xl (the "Property").  The Trustee asserts the Property is non-exempt and therefore property of the Estate.

D.     The Debtor disputes certain aspects of the Trustee's analysis.

### The Settlement

1.     The Parties acknowledge and agree that this Stipulation is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval has been granted (the "Approval").

2.     The Trustee and the Debtor agree to compromise the Property for the sum of $6,257.32 (the "Settlement Amount").  The Trustee and the Debtor agree that the Estate may be paid as follows:

a.     An initial payment in the amount of $100.00 to be made on or before March 1, 2014;

b.     Twenty-three (23) consecutive monthly payments to be made thereafter, on the same date, in the amount of $100.00 until paid in full;

c.     Any outstanding Settlement Amount will by paid in one lump sum payment on March 1, 2016.

The payment shall be in the form of a money order or cashier's check, made payable to "Ross Hartog, Trustee, for the Estate of **ALEXIS COLON**, Case No.:**13-24166-RAM**" and shall be delivered to Ross Hartog, Trustee, 9130 So. Dadeland Blvd., Suite 1800, Miami, Florida 33156.

3.      The Debtor has agreed to turnover to the Trustee certain DJ Equipment listed in paragraph 4 of Schedule B.  The Trustee shall sell the DJ Equipment and apply the proceeds of such towards the payment of the Settlement Amount.

4.      To the extent the Debtor receives a 2013 and/or 2014 income tax refund, that refund shall be turned over to the Trustee and applied to the outstanding balance of the settlement amount.

5.      With regard to the repurchase of the Debtor's non-exempt interest in the vehicles included in the Property, the Debtor further agrees to (a) maintain full liability and property damage insurance on the vehicle until such time as the Settlement Amount is paid in full; and (b) name Ross Hartog, Trustee as loss payee and additional insured on the insurance policy for the vehicle and to provide the Trustee with a Certificate of Insurance evidencing coverage, within ten (10) days of execution of this Stipulation.  The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

6.      The Debtor agrees that all relevant exemption and discharge deadlines shall be extended until thirty (30) days after an Order is entered approving or denying this Stipulation.

7.      The Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct; (b) the Pleadings contain no material misrepresentations or omission; (c) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct; and (d) the Documents contain no material misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets or if the Trustee identifies other non-exempt assets that are not the subject of this Stipulation, this Stipulation shall not effect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8.      In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs.  Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry

of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

9.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

10.     This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

Dated this _7th_ day of February, 2014

**ALEXIS COLON**, Debtor

Dated this _10_ day of February, 2014

**ERIK B ESPINOSA, ESQ.**, Debtor's
Counsel

Dated this _____ day of February, 2014

Ross Hartog
Digitally signed by Ross Hartog
DN: cn=Ross Hartog, o, ou,
email=rhartog@mrthlaw.com,
c=US
Date: 2014.02.11 13:45:08 -05'00'

Ross R. Hartog, Trustee
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

C:\NRPortbl\MDRT\AMANDA\456797_1.WPD

# Exhibit "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**IN RE:**                                               **CASE NO.:13-24166-BKC-RAM**

**ALEXIS COLON,**                                        **Chapter 7**

                                    **Debtor./**

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE**
**STIPULATION FOR COMPROMISE AND SETTLEMENT**

**THIS CAUSE** came before the Court upon the *Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding the Valuation and Repurchase of Debtor's Non-Exempt Assets* (the "Motion") (ECF _____).  The Court having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990) and

thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and

settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-

1(D), and any other applicable notice requirement, it is

**ORDERED AS FOLLOWS:**

1.      The Motion is **GRANTED**.

2.      The compromise and settlement is approved on the terms and conditions set forth

in the Motion and Stipulation attached to the Motion.

3.      The Court incorporates the terms of the Stipulation into this Order and retain

jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Amanda L. Barton, Esq.
Markowitz, Ringel, Trusty, & Hartog, PA
*Counsel for the Chapter 7 Trustee*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
T:  954.767.0030

Copies to:
Amanda L. Barton, Esq.
*(Attorney Barton shall serve a copy of this order upon interested parties and file a certificate of
service).*
456797